**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

TREASURE ISLAND, LLC,

Plaintiff - Appellant,

v.

AFFILIATED FM INSURANCE
COMPANY,

Defendant - Appellee.

No. 24-7428

D.C. No.
2:20-cv-00965-CDS-EJY

MEMORANDUM*

---

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted November 13, 2025
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.**

Treasure Island, LLC, appeals from the district court's grant of summary

judgment in favor of Affiliated FM Insurance Company ("AFM") on claims arising

from AFM's denial of coverage for losses incurred by Treasure Island after it

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

closed its insured resort and casino property due to the COVID-19 pandemic. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1. Nevada law prevents Treasure Island from recovering under the business interruption provision of its insurance policy, which requires physical loss or damage. "When interpreting state law, a federal court is bound by the decision of the highest state court." *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990). In *Starr Surplus Lines Insurance Company v. Eighth Judicial District Court* ("*JGB*"), the Nevada Supreme Court held, based on the plain meaning of the insurance policy at issue, that COVID-19 does not cause the kind of "direct physical loss or damage" required for coverage. 535 P.3d 254, 257, 260, 263 (Nev. 2023). The policy here includes a materially indistinguishable business interruption provision that requires, but does not further define, "physical loss or damage" to the property. *Id.* at 257–58, 260. *JGB*'s interpretation of "physical loss or damage" applies directly to the policy here.

Under *JGB*, the district court properly found no genuine issue of material fact as to whether COVID-19 caused physical loss or damage to Treasure Island's property. As the Nevada Supreme Court concluded in *JGB*, the presence of COVID-19 in the air or on surfaces is not enough. *Id.* at 264. Instead, "the property must receive or be affected by actual physical harm." *Id.* Treasure Island identified

no such harm. That Treasure Island reopened when COVID-19 was still present on the property further demonstrates that the virus's presence did not render the property unusable. We therefore affirm the grant of summary judgment in favor of AFM with respect to the policy's business interruption provision.

2. The district court erred in granting summary judgment in favor of AFM with respect to coverage under the policy's two communicable disease provisions. Those provisions provide coverage for damage caused by the actual presence of a communicable disease on the property.

First, Treasure Island identified evidence sufficient to create a genuine dispute of material fact as to whether COVID-19 was present on its property prior to the property's closure. This included evidence suggesting that two employees contracted COVID-19 during the policy period, and an expert's opinion, with 99.99% certainty, that COVID-19 was present on the property before the policy expired.

Second, Treasure Island produced evidence sufficient to create a genuine dispute of material fact as to whether the presence of COVID-19 on the property was the proximate cause of the property's closure. Specifically, Treasure Island provided evidence that it had decided to close due to COVID-19 before the governor ordered the property's closure. "[W]here covered and noncovered perils contribute to a loss, the peril that set in motion the chain of events leading to the

loss . . . is deemed the efficient proximate cause." *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1243 (Nev. 2011), *as modified on reh'g* (May 23, 2012). Treasure Island's evidence that it would have closed even absent the governor's order was sufficient to create a genuine dispute of material fact as to whether the presence of COVID-19 on the property during the policy period "set in motion the chain of events leading to [its] loss." *See id.*

Coverage under the communicable disease provisions also was not barred by the policy's contamination exclusion. The contamination exclusion bars coverage for "any condition of property due to the actual or suspected presence of . . . virus." But the communicable disease provisions expressly cover losses resulting from diseases that are "[t]ransmissible from human to human." Given the conflicting language of these policy provisions, AFM cannot show its "interpretation excluding cover[age] under the exclusion is the only interpretation of the exclusion that could fairly be made." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 674 (Nev. 2011). And because "clauses excluding coverage are interpreted narrowly against the insurer," *id.* at 672, the communicable disease provisions are properly interpreted as exceptions to the contamination exclusion.

3. The district court did not err in granting AFM's motion for summary judgment as to Treasure Island's bad faith denial of coverage claim. Under Nevada law, an insurer is not liable for such a claim if its interpretation of the policy was

reasonable. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986). Because we agree that AFM had no coverage obligations under the business interruption provision, AFM's denial of coverage with respect to that provision was reasonable. AFM's denial of coverage under the communicable disease provisions was also reasonable given the arguable conflict between those provisions and the contamination exclusion.[1]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[2]**

---

[1] Because Treasure Island did not brief its statutory claim under Nevada's Unfair Claims Practices Act in the district court, it is forfeited and we do not consider it. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021).

[2] We deny as moot Treasure Island's motion to certify questions of law to the Nevada Supreme Court (Dkt. 14) and motion to expedite (Dkt. 15). We grant American Property Casualty Insurance Association's motion for leave to file an *amicus curiae* brief in support of AFM (Dkt. 27). Fed. R. App. P. 29(a). Each party shall bear its own costs. Fed. R. App. P. 39(a).